# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

CHRISTOPHER LEE PRICE,            :

     Plaintiff,            :

vs.                             :       CA 14-0472-KD-C

WILLIAM G. SHARP, JR., ACTING     :
COMMISSIONER, ALABAMA
DEPARTMENT OF CORRECTIONS, in :
his official capacity, et al.,

                                   :

     Defendants.

## ORDER

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated February 24, 2015, is **ADOPTED, in part**, as follows, as the opinion of this Court.

The Court adopts Part A, B, and D.    However, as to Part C and the conclusion, when Magistrate Judge Cassady issued his thorough report and recommendation he did not have the benefit of *Gissendaner v. Commissioner, Georgia Dept. of Corrections,* - - - F. 3d - - -, 2015 WL 859534 (11th Cir. March 2, 2015).[1]    The Court will withhold ruling

---

[1]   In *Gissendaner,* the Eleventh Circuit explained as follows: "To succeed in an Eighth Amendment challenge to a lethal injection protocol, a prisoner must establish an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment. That requires the prisoner to show two things: (1) the lethal injection protocol in question creates a substantial risk of serious harm, and (2) there are known and available alternatives that are feasible, readily implemented, and that will in fact significantly reduce [the] substantial risk of severe pain. " 2015 WL 859534, at *6 (internal quotation marks

for thirty (30) days on the current motion to dismiss (based on failure to state a claim), to allow the Plaintiff to file a motion to amend the complaint. The motion should include a proposed amended complaint with sufficient facts addressing the second prong of *Baze v. Rees*, 553 U.S. 35, 50–52, 128 S. Ct. 1520, 1531–32, 170 L.Ed.2d 420 (2008) (plurality opinion)(Plaintiff must show that there are "known and available alternatives" that are "feasible, readily implemented, and in fact significantly reduce a substantial risk of severe pain.")

If an amended complaint is allowed, the previously filed motion to dismiss based on failure to state a claim will be determined to be moot.

**DONE** this 23rd day of March 2015.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

omitted) (quoting *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1272 (11th Cir. 2014) (quoting *Baze*, 553 U.S. at 50, 128 S.Ct. at 1531 (plurality opinion)).