IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE PRICE,         )<br>    Plaintiff,         )<br>                                )<br>vs.                             )<br>                                )<br>WILLIAM G. SHARP, JR., ACTING   )<br>COMMISSIONER, ALABAMA           )<br>DEPARTMENT OF CORRECTIONS, in   )<br>his official capacity, et al.,<br>    Defendants. | Civil Action No. 14-0472-KD-C |

**ORDER**

This matter is before the Court on Plaintiff Christopher Price's Motion for Leave to Amend Complaint (Doc. 19), the Defendants' objection (Doc. 26), and Price's response (Doc. 29). Upon consideration, Price's motion to amend the complaint is **GRANTED IN PART** and **DENIED IN PART**. Price is **ORDERED** to file an amended complaint on or before **August 6, 2015** in compliance with this Order.

**I.   Plaintiff's Eighth Amendment Claim**

Price contends that his proposed amended complaint (Doc. 19-1) "includes additional allegations plausibly demonstrating and specifically identifying alternative lethal injection protocols, not utilizing midazolam hydrochloride, that are (1) readily available to the State of Alabama, (2) currently being used by other states that are similarly situated to the State of Alabama, and (3) that, if administered properly, would satisfy Eighth Amendment requirements." (Doc. 19 at 2). The Eleventh Circuit recently explained,

> To succeed in an Eighth Amendment challenge to a lethal injection protocol, a prisoner "must establish 'an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment.'" *Chavez,* 742 F.3d at 1272 (quoting *Baze,* 553 U.S. at 50, 128 S.Ct. at 1531 (plurality opinion)). That requires the prisoner to show two things: "(1) the lethal injection protocol in question creates 'a substantial risk of serious harm,' and (2) there are 'known and available alternatives' that are 'feasible, readily implemented,' and that will 'in fact significantly reduce [the] substantial risk of

severe pain.'" *Id.* (quoting *Baze,* 553 U.S. at 50, 52, 61, 128 S.Ct. at 1531–32, 1537) (alteration in *Chavez* ).

*Gissendaner v. Comm'r, Georgia Dep't of Corr.*, 779 F.3d 1275, 1283 (11th Cir.) cert. denied sub nom. *Gissendaner v. Bryson*, 135 S. Ct. 1580 (2015). The Supreme Court's recent *Glossip v. Gross* decision did not alter the two requirements set forth in *Baze*. *Glossip v. Gross*, 2015 WL 2473454 at *1 (June 29, 2015). In *Glossip*, a number of Oklahoma death row inmates filed a 42 U.S.C. § 1983 action claiming Eighth Amendment violations due to Oklahoma's three drug execution protocol. Several of the inmates sought a preliminary injunction, which was denied. *Glossip* states:

> "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The parties agree that this case turns on whether petitioners are able to establish a likelihood of success on the merits.

*Glossip* at *9. Ultimately, the Court held, *inter alia*, that the inmates failed to establish a likelihood of success on the merits and the district court's denial of the motion for preliminary injunction was affirmed.

Here, however, Price seeks to amend his complaint, not to obtain a preliminary injunction. The standard for amendment of a complaint differs from that required to obtain a preliminary injunction. With regard to amendment of a complaint, the Eleventh Circuit has held:

> Under Federal Rule of Civil Procedure 15(a), a court should give leave to amend freely 'when justice so requires.' Fed.R.Civ.P. 15(a). Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). The district court, however, need not 'allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.' *Id.*

*Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005). As none of those reasons are present here, Price's motion to amend the portion of his complaint related to his Eighth Amendment claim is **GRANTED**. The Court has considered Defendants argument that amendment of Price's Eighth

Amendment claims would be futile, but disagrees. (Doc. 26 at 1). Though the Defendants may choose to file a motion to dismiss later in the litigation, at this stage, the Court's only task is to determine whether Price is entitled to amend his complaint.[1]

## II. Plaintiff's Fourteenth Amendment Claim

Price seeks to amend his complaint to include a §1983 claim based on alleged violations of his Equal Protection rights guaranteed by the Fourteenth Amendment. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas,* 643 F.3d 1300, 1303 (11th Cir. 2011). In Alabama, that limitations period is two years. *Id.* Moreover, in method of execution challenges, a "claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol." *McNair v. Allen,* 515 F.3d 1168, 1174 (11th Cir.2008).[2]

Price alleges that the State has deviated from its execution protocol in the past by failing to perform a "pinch test." (Doc. 19-1 at 27 "Deviations from the State's lethal injection protocol and the Defendants' failure to adhere to Alabama's purported safeguard to assess consciousness, impermissibly burden Mr. Price's fundamental right to Equal Protection under the Fourteenth Amendment to the U.S. Constitution."). Though Price does not tie his allegations to specific dates of prior to executions, the Defendants note, "Presumably, Price's claim is based on a similar allegation raised by another inmate concerning the June 2011 execution of Eddie Powell." (Doc. 26 at 12). In his response to the State's objection to his motion to amend the complaint, Price does not point to any allegation of deviation more recent than this. (Doc. 29).

---

[1] As Price has been permitted to amend his Eighth Amendment claim, Defendants' motion to dismiss and supplemental motion to dismiss (Docs. 10 and 19) are **MOOT**.
[2] Price's conviction became final in 1999 and Alabama adopted lethal injection as its method of execution in July 2002. (Doc. 26 at 12). *See also McNair v. Allen*, 515 F.3d 1168, 1171 (11th Cir. 2008)("On July 1, 2002, Alabama adopted lethal injection as its preferred form of execution…").

Price argues that the statute of limitations began to run when the state announced a protocol employing midazolam, however, he does not point to any circumstances in Alabama where midazolam was used but no pinch test was administered.[3] Thus, the Court presumes he is relying on the alleged failure to administer the pinch test in Powell's 2011 execution.[4] Price first filed his complaint on October 8, 2014. He moved to amend the complaint, and first raised the Fourteenth Amendment claim on April 21, 2015. Thus, Price's Fourteenth Amendment claims falls outside the limitations period.

The Middle District of Alabama has arrived at the same conclusion in at least three similar cases. *See Hunt v. Myers*, No. 2:14-CV-1030-WKW, 2015 WL 1198688, at *3 (M.D. Ala. Mar. 16, 2015)(Holding: "This [Fourteenth Amendment Equal Protection] claim is based on the State's purported material deviations from its execution protocol in past executions, specifically, the executions of Eddie Powell in 2011 and Jeff Land in 2010, with respect to the non-performance of the third graded stimuli in the State's consciousness assessment (*i.e.,* the pinch test) and [Plaintiff's] contention that the State will make the same material deviation during his execution. Yet [Plaintiff] does not attempt to allege or to show how his equal protection claim based on executions that admittedly took place in 2010 and 2011—almost four years ago, at the earliest—falls within the two-year statute of limitations. Moreover, as with his First Amendment and Fourteenth Amendment secrecy claims, the September 2014 changes to Alabama's lethal injection protocol do not revive [Plaintiff's] otherwise untimely equal protection claim, as the alleged non-performance of the pinch

---

[3] Price argues, "[I]t is irrelevant that executions revealing the disparities in the State's consciousness checks may have taken place more than two years before Mr. Price filed this action. When Alabama substituted midazolam for pentobarbital, the State instituted a significant change that raised the failings of the State's consciousness check procedures to the level of an Equal Protection Clause violation." (Doc. 29 at 7). The Court disagrees. Price's Equal Protection claim is based on the claim that State officials have failed to administer the pinch test in the past and that there is a significant likelihood that they will fail to do so during Price's execution. These alleged deviations most recently occurred in 2011. The switch in drugs is immaterial to whether a pinch test was administered or whether it will be administered in the future.

[4] Though there may be allegations that the pinch test was not administered in other executions prior to Powell's 2011 execution, the 2011 date is the most recent and for purposes of the statute of limitations inquiry, the Court will consider the most recent occurrence.

test in Land's and Powell's executions could have been challenged immediately after those executions, irrespective of the drugs used. [Plaintiff], however, waited almost four years to make this challenge and, again, did so only after a motion to set his execution date was filed. Accordingly, [Plaintiff's] First Amendment and Fourteenth Amendment due process and equal protection claims (Counts II–IV) are time-barred and due to be dismissed.); *Myers v. Myers*, No. 2:14-CV-1029-WKW, 2015 WL 1138268, at *3 (M.D. Ala. Mar. 16, 2015)(holding the same); and *Roberts v. Myers*, No. 2:14-CV-1028-WKW, 2015 WL 1198666, at *3 (M.D. Ala. Mar. 16, 2015)(holding the same).

Accordingly, as it is barred by the statute of limitations, Price's motion to amend his complaint to include a Fourteenth Amendment Equal Protection (Doc. 19-1, Count Two) claim is **DENIED AS FUTILE**.

**III. Conclusion**

Price's motion to amend the complaint (Doc. 19) is **GRANTED IN PART** and **DENIED IN PART**. Price is **ORDERED** to file an amended complaint, which complies with this Order on or before **August 6, 2015**.

**DONE** and **ORDERED** this **23rd** day of **July 2015**.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**